HARVEY PAYNE, INC. *vs.* THE SLATE COMPANY.

Suffolk. March 7, 1961. — April 3, 1961.

Present:. WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Parties. *Taxation,* State tax commission, Cigarette tax.

The State tax commission, the commissioner of which is vested with the duty to administer the cigarette excise tax law by G. L. c. 64C, § 25, as amended by St. 1953, c. 654, § 86, had an interest which would be affected by a declaratory decree in a suit in equity under G. L. c. 231A between two licensed cigarette wholesalers as to whether, in computing the minimum wholesale price of cigarettes, a wholesaler must add the State cigarette tax before or after applying the markups provided him by c. 64C, § 13 (c), to the invoice price paid by him to the manufacturer; and a decree deciding the controversy was reversed where the tax commission was not a party to the suit, and the suit was remanded to the trial court with an order that unless the plaintiff sought an amendment within thirty days the bill should be dismissed.

BILL IN EQUITY, filed in the Superior Court on June 10, 1960.

The suit was heard by *Tomasello,* J.

*Rhodes G. Lockwood, (Robert M. Gargill* with him,) for the plaintiff.

*Herbert A. Horgan, Jr.,* for the defendant.

WILKINS, C.J. The plaintiff and the defendant are licensed wholesalers of cigarettes under G. L. c. 64C, in-

serted by St. 1945, c. 547, § 1, and are "in competition with each other and a large number of other wholesalers within the Commonwealth." This bill in equity under G. L. c. 231A, inserted by St. 1945, c. 582, § 1, is brought for a declaratory decree as to the construction of certain provisions of G. L. c. 64C, as amended, prescribing the minimum price at which cigarettes may be sold at wholesale. The case was heard on agreed facts. The judge entered a decree declaring that in computing the minimum price a wholesaler must add the State cigarette tax *after* he has applied the markups of 2% and ¾% provided by c. 64C, § 13 (c), to the invoice price paid by him to the manufacturer. The plaintiff appealed.

The parties and other wholesalers offer for sale to retailers substantially the same brands of cigarettes, and the price at which each wholesaler so offers his cigarettes is the principal factor in the determination of a particular retailer's choice among them. Under § 25 of c. 64C, as originally inserted by St. 1945, c. 547, § 1, the Commissioner of Corporations and Taxation periodically issued rulings prescribing that the State cigarette tax be added to the wholesalers' invoice cost *before* adding the wholesalers' markups.

By St. 1956, c. 354, § 11, it was provided that the cigarette excise tax inaugurated in c. 64C "shall conclusively be presumed to be a direct tax on the retail consumer, precollected for the purpose of convenience and facility only." The purpose of this act was to make the cigarette excise tax paid by a consumer "an allowable deduction under § 164 (c) of the Internal Revenue Code of 1954." Statute 1956, c. 720, § 1, amended c. 64C, § 6, by providing compensation to the wholesaler for services rendered in collecting the tax. The commissioner[1] has never changed the ruling under § 25, although he was notified by the defendant on December 9, 1959, that its wholesale price would thereafter be computed by adding the excise tax after and not before adding the wholesalers' markups to the invoice cost. The effect of

[1] The agreed facts give no heed to the fact that under c. 64C, § 25, as amended by St. 1953, c. 654, § 86, the State tax commission has superseded the commissioner in the performance of the duty to prescribe "regulations and rulings."

this change of method was to reduce the computed minimum selling price by two cents a carton. From the enactment of c. 64C in 1945 until December, 1959, the wholesalers in this Commonwealth, without known exception, used a selling price computed by adding the excise tax to the invoice cost prior to adding the wholesalers' markups.

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." G. L. c. 231A, § 8. It is clear that in any event the State tax commission has an interest which would be affected. The amendment of c. 64C, § 25, by St. 1953, c. 654, § 86, provides: "The administration of this chapter is vested in the commissioner. All forms necessary and proper for the enforcement of this chapter shall, with the approval of the state tax commission, be prescribed and furnished by the commissioner.[1] The state tax commission may prescribe regulations and rulings, not inconsistent with law, to carry into effect the provisions of this chapter, which regulations and rulings, when reasonably designed to carry out the intent and purpose of this chapter, shall be prima facie evidence of its proper interpretation." At the present moment a ruling issued by a previous commissioner and still outstanding is in direct conflict with the ruling of the judge, who may have relied upon one or more subsequent legislative amendments.

We are satisfied that any declaration which we might make would not end the controversy. See G. L. c. 231A, § 3; *National Shawmut Bank* v. *Morey*, 320 Mass. 492, 497. With the commission not a party, there is no need to give independent consideration to the extent of any interest of the "large number of other wholesalers within the Commonwealth" or of retailers.

This is not an appropriate case in which to state views

---

[1] One of the amendments to c. 64C, § 25, made by St. 1953, c. 654, § 86, was to strike out in line 4 the word "commissioner" and to insert in its place the words "state tax commission." The word "commissioner" appears twice in line 4. It is obvious that it is the word "commissioner" only as it appears the second time in line 4 to which the amendment applies.

not necessary to the decision, as in *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731, and similar cases.

The decree is reversed, and the case is remanded to the Superior Court, where the plaintiff may within thirty days from rescript seek such amendment to its pleading as it may be advised. Otherwise the bill is to be dismissed.

*So ordered.*