JACK J. MOSS *vs.* WILLIAM P. REEVES & others (and a companion case[1]). June 2, 1964. No question of substantive law is presented by Moss's appeals from decrees entered in these cross suits, tried and argued together, arising from Moss's various contentions that he, the owner of land in Burlington, had a right of way over the adjoining land of Reeves in Bedford. The summary of the evidence fully supports the master's findings which show that Moss's contentions were without foundation; and these findings, based upon all the evidence, and not being inconsistent or plainly wrong, justify the interlocutory decree confirming the master's reports (*White* v. *White,* 346 Mass. 76, 79), and the final decree dismissing Moss's bill. *New England Overall Co. Inc.* v. *Woltmann,* 343 Mass. 69, 75. These decrees are affirmed, the final decree with costs. In the companion case of *Reeves* v. *Moss* the final decree is to be modified by dismissing without costs the bill, as amended, against Philip Taylor whose only connection with the controversy was that he held bare legal title to the land for Moss's benefit. Thus modified the decree against Moss is affirmed with costs.

*Jack J. Moss* for the appellants.
*David W. Walsh* for William P. Reeves & another.
*Francis J. Kelley,* Town Counsel, for the intervener, Town of Bedford.

COMMONWEALTH *vs.* MASSACHUSETTS ELECTRIC COMPANY. June 3, 1964. Decrees affirmed. This is a "bill for declaratory judgment and bill for accounting" brought by the Attorney General in behalf of the Metropolitan District Commission against a public utility corporation of Massachusetts with respect to rates charged by the defendant for electric street lighting. The plaintiff appealed from an interlocutory decree sustaining the defendant's demurrer to the bill of complaint, and from a final decree dismissing the bill. We shall not analyze the grounds of demurrer, because under G. L. c. 231A, § 8, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." The Department of Public Utilities, which has not been made a party, has an interest which would be affected. *Harvey Payne, Inc.* v. *Slate Co.* 342 Mass. 368, 370. We are satisfied that any declaration which we might make would not end the controversy. *Id.* See G. L. c. 231A, § 3. This is not an appropriate case to state views not necessary to the decision, as in *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731.

*Nathan S. Paven,* Special Assistant Attorney General (*Irving I. Medoff* with him), for the Commonwealth.
*Philip H. R. Cahill* (*John R. Murphy* with him) for the defendant.

---

[1] The companion case is by Martha M. Reeves against Jack J. Moss & another.