COMMONWEALTH *vs.* CAMBRIDGE ELECTRIC LIGHT COMPANY. June 3, 1964. Decrees affirmed. This is a "bill for declaratory judgment and bill for accounting" brought by the Attorney General in behalf of the Metropolitan District Commission against a public utility corporation of Massachusetts with respect to rates charged by the defendant for electric street lighting. The plaintiff appealed from an interlocutory decree sustaining the defendant's demurrer to the bill of complaint and from a final decree dismissing the bill. The Department of Public Utilities, which has an interest, has not been made a party. The bill was properly dismissed for the reasons set forth in *Commonwealth* v. *Massachusetts Elec. Co.* decided herewith.

*Nathan S. Paven,* Special Assistant Attorney General (*Irving I. Medoff* with him), for the Commonwealth.

*Gerald May* (*Oliver S. Sughrue, Jr.,* with him) for the defendant.


COMMONWEALTH *vs.* BOSTON EDISON COMPANY. June 3, 1964. Decrees affirmed. This is a "bill for declaratory judgment and bill for accounting" brought by the Attorney General in behalf of the Metropolitan District Commission against a public utility corporation of Massachusetts with respect to rates charged by the defendant for electric street lighting. The plaintiff appealed from an interlocutory decree sustaining the defendant's demurrer to the bill of complaint and from a final decree dismissing the bill. The Department of Public Utilities, which has an interest, has not been made a party. The bill was properly dismissed for the reasons set forth in *Commonwealth* v. *Massachusetts Elec. Co.* decided herewith.

*Nathan S. Paven,* Special Assistant Attorney General (*Irving I. Medoff* with him), for the Commonwealth.

*Donald R. Grant* (*Edward B. Hanify & James M. Carroll* with him) for the defendant.


JEANETTE CLARK *vs.* JUNE E. BOYD & others. June 22, 1964. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court denying jury issues in the matter of the alleged will of J. Robert Clark. Issues were sought on due execution, testamentary capacity, and fraud or undue influence. Viewing the whole record and giving the decision of the probate judge the weight to which it is entitled, we are of opinion that the expected evidence did not require the framing of those issues. The underlying principles have been often restated. *Goddard* v. *Dupree,* 322 Mass. 247, 250. *Spilios* v. *Bouras,* 337 Mass. 176, 177. *Tarricone* v. *Cummings,* 340 Mass. 758.

*Avram G. Hammer* (*Ralph E. Gott* with him) for the contestants.

*William H. Diamond* for the proponent.


FRANK A. WARNER *vs.* HOLYOKE WATER POWER COMPANY. June 22, 1964. Exceptions overruled. The judge directed a verdict for the defendant on the following undisputed evidence: The plaintiff, a prospective participant in an outboard speedboat race on the Connecticut River in the South Hadley Falls vicinity, with which he was totally unfamiliar, arrived at the launching site where there were about fifty speedboats and seventy-five people, "just went ahead and put his boat in the river," made no inquiry of anyone where the race course was located or laid out, proceeded upstream (where in fact the race was to be run) to adjust the motor and test the propeller, reversed his direction and went downstream at fifty miles an hour or more, meanwhile adjusting the carburetor while