## BOSTON EDISON COMPANY vs. BROOKLINE REALTY & INVESTMENT CORP.

Suffolk. February 20, 1980. — June 20, 1980.

Present: ARMSTRONG, DREBEN, & KASS, JJ.

*Public Utilities. Electric Company. Practice, Civil*, Review of order of Department of Public Utilities, Dismissal, Stay of proceedings, Attachment, Appeal. *Administrative Law*, Exhaustion of remedies, Primary jurisdiction.

In an action by an electric company for arrearages in accordance with an account annexed, findings were warranted that a report by a representative of the Department of Public Utilities with respect to some of the billings, after an informal hearing, was not a final decision and that the action was, therefore, precluded by the doctrines of primary jurisdiction and exhaustion of administrative remedies. [64-67]

Although the judge in an action by an electric company for arrearages in accordance with an account annexed correctly decided that the doctrines of primary jurisdiction and exhaustion of administrative remedies required that the parties' dispute over electric power charges be adjudicated first by the Department of Public Utilities, the fact of the plaintiff's attachment of property of the defendant required that the judicial proceedings be stayed rather than dismissed. [67-68]

CIVIL ACTION commenced in the Municipal Court of the City of Boston on May 17, 1978.

On removal to the Superior Court, the case was heard by *Lynch*, J., on a motion to dismiss.

*James L. Rudolph* for the plaintiff.
*Michael Eby* for the defendant.

KASS, J. While the Superior Court judge correctly decided that the related administrative law doctrines of primary jurisdiction and exhaustion of administrative remedies required that a dispute over electric power charges be adjudicated first by the Department of Public Utilities of the Commonwealth (D.P.U.), the fact of the plaintiff's

attachment of property of the defendant required that the judicial proceedings be stayed, rather than dismissed.

We take our background facts largely from the memorandum of decision of the motion judge, as supplemented by affidavits of the parties which appear in the record. Brookline Realty & Investment Corp. (Realty) owned adjoining buildings numbered 10 and 20 Thorne Street, Mattapan. These buildings are identical in layout, size and construction. In order to save energy, Realty installed a time clock mechanism at 10 Thorne Street which shut off the electricity in that building for five hours during the night. Billings for electricity furnished by the plaintiff (Edison) to the two buildings after installation of the shut-off device were identical, leaving the fair inference that something at building number 10 was not working right: the time clock or the electric meter. Realty protested Edison's bills. Edison made a calibration test of the meter at number 10, concluded its bills were accurate and notified Realty accordingly. Realty exercised its right to appeal the bills to the D.P.U. conformably with regulations adopted under G. L. c. 164, §§ 76 and 76C,[1] notably 220 Code Mass. Regs. 25.01(1) (1979).

Under the D.P.U.'s regulatory scheme, the utility company (in this case Edison) must investigate the customer's complaint and "make a substantial effort to resolve" it. 220 Code Mass. Regs. 25.02(4)(a) (1979). Following written notice of the company's decision, the customer may appeal to the D.P.U.'s Consumer Division, where both sides are to be heard by a representative of the Department. But this hearing before a representative of the Department is not an ad-

---

[1] The regulations appear in 220 Code Mass. Regs. 25.00 et seq. (1979), captioned "Billing and Termination Procedures of the Department of Public Utilities." As to the validity of these regulations in an earlier form, see *Cambridge Elec. Light Co.* v. *Department of Pub. Util.*, 363 Mass. 474, 493-501 (1973). While these regulations apply to residential accounts, commercial customers whose tenancies are residential in nature have rights to appeal bills under the regulations. A properly filed appeal to the D.P.U. forestalls termination of service. 220 Code Mass. Regs. 25.02(3).

judicatory proceeding for purposes of G. L. c. 30A, and the ruling of the D.P.U. representative may be appealed to the D.P.U. within seven days for a c. 30A adjudicatory hearing.

The parties got as far as the informal hearing stage on June 2, 1976, and that procedure ended with a D.P.U. report bearing an enigmatic notation by its representative that an "app[ointmen]t will be made to check out building" and that a "[c]heck for 1 building # 20 ($6,000) will be sent to Boston Edison." Who was to make an appointment, whose technician was to check the building, and to whom a report was to be made are left to conjecture. Both parties signed the report and Realty paid the $6,000. As the judge observed, "[T]here is no indication of any subsequent appointment or effort ever being made to 'check out' 10 Thorne Street, nor of any finding or determination by the D.P.U. as to the accuracy of Boston Edison's bill for that building."

Meanwhile, electricity bills at number 10 continued to add up. On May 17, 1978, Edison filed its complaint for arrearages through April 29, 1977, in accordance with an account annexed, in the amount of $26,052.93. Some weeks were chewed up in removal from the Municipal Court of the City of Boston to the Superior Court. Edison then moved for a writ of attachment against Realty pursuant to Mass.R.Civ.P. 4.1, 365 Mass. 737 (1974); that motion was allowed; and an attachment on the defendant's real property in Suffolk County was made.[2] Realty responded with a motion to dismiss the complaint for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted, the motion resting on dual foundations: that the D.P.U. had primary jurisdiction over the subject matter and that Edison had failed to exhaust its administrative remedies.

We agree with the motion judge that the inconclusive proceeding on June 2, 1976, with its resultant oracular

---

[2] The docket discloses a motion, consented to by the parties, for a rehearing on the attachment on the ground that Realty had not received notice of the hearing after which the attachment was allowed. No rehearing, however, occurred.

order, did not amount to an adjudication by the D.P.U. of the parties' dispute. No final decision by the D.P.U. representative appears in the record and there was, therefore, no basis on which Realty could register an appeal for a full department hearing. Such an appeal may be taken only upon "being notified of the decision of the Department's representative." 220 Code Mass. Regs. 25.02(4)(b). A pronouncement by the D.P.U. which contemplates further fact finding and determinations of factual and legal issues is tentative and does not establish a stepping stone for an appeal. *Western Mass. Elec. Co.* v. *Department of Pub. Util.,* 373 Mass. 227, 230, 237 (1977).

As to the billings through June 2, 1976, which the parties brought before the D.P.U., administrative remedies were not exhausted. As to the billings after June 2, 1976, the judge was right in observing that primary jurisdiction for resolution of the dispute lay with the administrative agency which already had a piece of the interrelated problem; that is, a decision about the first batch of bills would certainly guide, and probably govern, a decision about the second batch. The exhaustion doctrine prevents premature judicial interference with pending administrative proceedings, while the primary jurisdiction doctrine denies jurisdiction where agency proceedings have not yet begun. *J. & J. Enterprises, Inc.* v. *Martignetti,* 369 Mass. 535, 539-540 (1976). Both doctrines are in theory and practical effect the same and stem from the "general principle which ordinarily serves to preclude judicial consideration of a question while there remains any possibility of further administrative action." *Id.* at 540 (quoting 2 Cooper, State Administrative Law 572 [1965]). *Murphy* v. *Administrator of the Div. of Personnel Admn.,* 377 Mass. 217, 220 (1979). Moreover, it is the practice of the D.P.U. to review an entire account's billing as of the time of the adjudicatory hearing, and thus, it would assert jurisdiction over the post June 2, 1976, bills even though Realty had not formally filed a dispute of them. *Matter of TK, LR, RA Realty Trust,* D.P.U. Dec. No. 19657, at 3 (July 24, 1979). We see nothing in the

status of the proceedings before the D.P.U. that would warrant deviation from the general rule that courts do not act on cases where administrative proceedings are incomplete. *Gordon* v. *Hardware Mut. Cas. Co.,* 361 Mass. 582, 587 (1972). *East Chop Tennis Club* v. *Massachusetts Commn. Against Discrimination,* 364 Mass. 444, 448 (1973). *Murphy* v. *Administrator of the Div. of Personnel Admn.,* 377 Mass. at 220-222.

Where, however, barring a plaintiff from court might materially prejudice his rights, dismissal is not the appropriate remedy to accomplish the purpose of prior resort to administrative remedies. *J. & J. Enterprises, Inc.* v. *Martignetti,* 369 Mass. at 540-541. In such cases a stay of judicial proceedings may be the preferable remedy. *Id.* at 541. So, for example, dismissal of an action is not in order where the plaintiff may be foreclosed from certain avenues of judicial relief by statutes of limitation or where the agency is unable to afford plenary relief. *Id.* at 540. Compare *Nelson* v. *Blue Shield of Mass., Inc.,* 377 Mass. 746, 754-755 (1979). Cf. *Floors, Inc.* v. *B.G. Danis of New England, Inc.,* 7 Mass. App. Ct. 356, 357 (1979), *S.C.,* 380 Mass. 91, (1980), recognizing the propriety of staying rather than dismissing a court action to protect a plaintiff's rights where a time limit existed in which to begin a suit. Similarly a Federal court has kept an action "on its docket in a suspense status" pending administrative action "to safeguard plaintiff's rights from irreparable injury during the pendency of administrative review." *Natural Resources Defense Council* v. *Train,* 510 F.2d 692, 703 & n.59 (D.C. Cir. 1975). See also *Wheelabrator Corp.* v. *Chafee,* 455 F.2d 1306, 1316 (D.C. Cir. 1971); *Hayes* v. *Secretary of Defense,* 515 F.2d 668, 675 (D.C. Cir. 1975).

In the instant case, as we have noted, the court allowed an attachment on the defendant's real property. Unrebutted affidavits of the plaintiff assert that, other than its land and buildings, Realty owns no assets which can secure a judgment in Edison's favor should the latter ultimately obtain one. The record discloses that mortgage foreclosure pro-

ceedings were begun as to 10 and 20 Thorne Street. We do not know whether Realty owns other property in Suffolk County, nor how much good the attachment will do Edison. But we may fairly infer that if the attachment is dissolved by a final judgment of dismissal of the action, should Edison win a subsequent victory, it will be a Pyrrhic one. It does not matter that the judgment of dismissal was without prejudice since, under the statute, an attachment is dissolved if the judgment is for the defendant, without regard to prejudice or the lack of it. G. L. c. 223, § 115, as amended by St. 1975, c. 377, § 39. *Magaw* v. *Beals*, 272 Mass. 334, 339 (1930). Thus, where an attachment exists or is indicated to preserve the rights of the plaintiff, we are of the opinion that a stay of proceedings, rather than dismissal, should be ordered pending completion of administrative proceedings.

Eight days before the argument of this appeal the D.P.U. dismissed Realty's appeal for an adjudication of this billing dispute on the ground that Realty no longer owned 10 and 20 Thorne Street. Therefore, termination of service had ceased to be an issue and Realty's account was remitted to the status of a purely commercial one. The D.P.U. does not adjudicate contests over commercial accounts.[3] Since an appeal may be taken under G. L. c. 25, § 5, from the D.P.U.'s decision and that appeal, in turn, could result in a remand to the agency for further proceedings, we do not know on the record before us whether the administrative process has been exhausted. The Superior Court proceeding should remain in suspense until the administrative process has achieved finality.

---

[3] Nonresidential users, e.g., owners of an office building or manufacturing building, must pay now and quarrel later, or run the risk of an abrupt cut off of service. If the customer on a residential account makes or suffers (as by mortgage foreclosure) a conveyance of the property which is the subject of the billing dispute, the account concerned takes on the status of an entirely commercial account. This is because the new owner of the property opens a new account with the utility and residents in the property are no longer threatened with a loss of service because of nonpayment of the old account.

Realty has made a motion to strike portions of Edison's brief for failure to comply with Mass.R.A.P. 16(e), as amended, 378 Mass. 940 (1979), which requires among other things, that each statement of a fact be supported by an "appropriate and accurate record reference." The motion is allowed. The portions of the brief complained of are not supported by the record at all, let alone references to it. The entire statement of facts is not graced by a single record reference. We take the occasion to remind the bar that under Mass.R.A.P. 16(k) such a brief may be struck in its entirety on our own initiative and that future tests of our tolerance on this score are likely to bring into play the full force of the rule.

The judgment dismissing the action is reversed and an order is to enter staying proceedings in the instant case until the occurrence of a final administrative determination.

*So ordered.*