# RESCRIPT OPINIONS.

MASSACHUSETTS ELECTRIC COMPANY *vs.* DOCTORS HOSPITAL OF WORCESTER, INC. December 15, 1980. Sued by the plaintiff for electric charges and interest on the unpaid balance of prior bills, the defendant filed a counterclaim "on its own behalf and on behalf of all the [plaintiff's] other customers . . . similarly situated," alleging that the interest charges were usurious and contrary to those approved by the Department of Public Utilities (department). Both parties moved for summary judgment, the plaintiff appending as an exhibit to its motion a decision of the department appearing to approve of the plaintiff's method of computing interest. The judge ruled in favor of the defendant on the counterclaim and expressly directed the entry of judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). We reverse.

A customer who claims an overcharge by an electric supplier must first seek a determination by the department as to the applicable rate. *Metropolitan Dist. Commn.* v. *Department of Pub. Util.,* 352 Mass. 18, 28 (1967). *Fillmore* v. *Department of Pub. Util.,* 357 Mass. 222, 223 (1970). This requirement, an application of the doctrine known as "primary judisdiction," *Murphy* v. *Administrator of the Div. of Personnel Admn.,* 377 Mass. 217, 220 (1979), applies to interest charged on unpaid accounts. The interest charge is an integral part of the rate setting process, *North Carolina Util. Commn.* v. *North Carolina Consumers Council,* 18 N.C.App. 717, 720 (1973), and involves informed judgment by the agency. See, for example, *Boston Edison Co.* v. *Department of Pub. Util,* 375 Mass. 1 (1978). The amount of interest and how it is to be computed is a matter committed to the department by statute, G. L. c. 164, § 94 ("rates, prices and charges"). It is a matter "peculiarly within the agency's specialized field" and should not be acted upon by a court "without taking into account what the agency has to offer." *Murphy* v. *Administrator of the Div. of Personnel Admn., supra* at 221, quoting with approval 3 Davis, Administrative Law § 19.01, at 5 (1958).

Although the statutory provisions and regulations may not require the department to review the defendant's claim, the statutory scheme of G. L. c. 164 provides "adequate authority" for such a review. *Metropolitan Dist. Commn.* v. *Department of Pub. Util., supra* at 27.

The department may not be able to award full relief if the charges should prove to have been improperly imposed. *Newton* v. *Department*

*of Pub. Util.,* 367 Mass. 667, 679-680 (1975). *Fryer* v. *Department of Pub. Util.,* 374 Mass. 685, 690 (1978). The proper course is for the trial judge on remand to stay the action pending the receipt of a report from the department. *J. & J. Enterprises, Inc.* v. *Martignetti,* 369 Mass. 535, 540-541 (1976). *Boston Edison Co.* v. *Brookline Realty & Investment Corp.,* 10 Mass. App. Ct. 63, 67 (1980). See also *Cleary* v. *Cardullo's, Inc.,* 347 Mass. 337, 344 (1964); *Lowell Gas Co.* v. *Attorney Gen.,* 377 Mass. 37, 45-46 (1979).

We note that the judge made no findings pursuant to Mass.R.Civ.P. 23(b), 365 Mass. 768 (1974), and we do not consider the question whether the counterclaim is maintainable as a class action.

*Judgment reversed.*

*Edmund DiSanto* for the plaintiff.
*Sumner H. Woodrow* for the defendant.