MUNICIPAL LIGHTING COMMISSION OF PEABODY *vs.* STELLA STATHOS & another.[1] March 22, 1982. This is an action for a declaratory judgment brought under G. L. c. 231A by an employer against two employees seeking a determination "whether . . . there has been discrimination practiced against the [d]efendants based on sex, in violation of G. L. [c.] 151B." The employees filed a motion to dismiss which alleged, among

---

[1] Gloria Bailey.

other things, that, even if an actual controversy existed, it would not be terminated if declaratory relief were to be granted. The judge granted the motion on the apparent ground that the parties had more suitable remedies by which the controversy could be resolved, including the remedies available under G. L. c. 151B. The plaintiff appeals, claiming that declaratory relief is appropriate in the present circumstances. We conclude that, because it is clear from the record that the entry of a declaratory judgment in this case "would not terminate the uncertainty or controversy giving rise to the proceedings," G. L. c. 231A, § 3 (inserted by St. 1945, c. 582, § 1), the judge was correct in refusing to grant a declaratory judgment. However, rather than dismissing the action, the trial judge should have stayed the case, pending the disposition of an action brought in the Federal court based on the same facts. Cf. *J & J Enterprises, Inc.* v. *Martignetti,* 369 Mass. 535, 540, 541 (1976); *Boston Edison Co.* v. *Brookline Realty & Inv. Corp.,* 10 Mass. App. Ct. 63, 67 (1980).

The defendants are employees of the Peabody municipal light plant. On their behalf, their attorney sent a letter to the Peabody municipal lighting commission, charging that they were the victims of sex discrimination at the workplace. They threatened to bring suit unless their salaries were raised within thirty days to a level commensurate with that received by male coworkers who allegedly occupied positions of equal authority within the organization. The plaintiffs responded to the defendants' letter by bringing this suit in the Superior Court. A motion to dismiss filed by the defendants was allowed, with leave to the plaintiff to amend the complaint to clarify the existence of a controversy. The complaint was amended, and the defendants brought the instant motion to dismiss before a judge other than the one who had acted on the first motion. Before the second motion to dismiss was acted upon, the defendants filed a complaint in the United States District Court against the plaintiff alleging a violation of 42 U.S.C. §§ 1983 and 1985 (1976). The Federal action, based upon the same employment practices which are in issue here, is awaiting trial. Subsequent to the filing of the action by the defendants in the Federal court, the judge below allowed the second motion to dismiss.

Declaratory relief can be denied or postponed where the record indicates that the "relief will not end a controversy or is premature." *Boston Safe Deposit & Trust Co.* v. *Dean,* 361 Mass. 244, 248 (1972). Under G. L. c. 231A, § 3, declaratory relief may be denied where a decree will not dispose of the controversy. See *Harvey Payne, Inc.* v. *Slate Co.,* 342 Mass. 368, 370 (1961); *Woods* v. *State Bd. of Parole,* 351 Mass. 556, 559 (1967). As was noted in *Foster* v. *Everett,* 334 Mass. 14, 16 (1956), quoting *Kilroy* v. *O'Connor,* 324 Mass. 238, 242 (1949), "[o]ne of the principal purposes of the declaratory judgment law . . . is to settle completely the controversy submitted for decision." In the present circumstances, a declaratory judgment would not terminate the entire controversy between

the parties because of the pendency of the action brought by the employees in Federal court which is based upon the same facts.

While in view of our conclusion we need not decide whether the Legislature intended that recourse to the Massachusetts Commission Against Discrimination (MCAD) under G. L. c. 151B would be the exclusive State remedy for resolution of the issues raised herein, we do note that the Federal court's exercise of jurisdiction over these matters does not hinge on any prior action by the MCAD. See *Monroe* v. *Pape*, 365 U.S. 167 (1961); *McNeese* v. *Board of Education*, 373 U.S. 668 (1963); *Steffel* v. *Thompson*, 415 U.S. 452, 472-473 (1974). But see *Patsy* v. *Florida Intl. Univ.*, 634 F.2d 900 (5th Cir. 1981), cert. granted sub nom. *Patsy* v. *Regents of Fla.*, 454 U.S. 813 (1981) (No. 80-1874). The Federal court is fully capable of furnishing complete relief to the parties. See *Rizzo* v. *Goode*, 423 U.S. 362, 378 (1976) (noting that 42 U.S.C. § 1983 (1976) "by its terms confers authority to grant equitable relief as well as damages").

Although we conclude that declaratory relief is not appropriate at this time, dismissal of the action is not the proper remedy. Rather, we think the proper course is to stay the action pending disposition of the Federal action, which in all probability will be determinative (by reason of collateral estoppel) of the substantive issues in this case. Cf. *J & J Enterprises, Inc.* v. *Martignetti*, 369 Mass. at 540, 541; *Boston Edison Co.* v. *Brookline Realty & Inv. Corp.*, 10 Mass. App. Ct. at 67.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Timothy J. O'Keefe* (*Christine A. McClave* with him) for the plaintiffs.

*G. Rosalyn Johnson* for the defendants.