WHITINSVILLE WATER COMPANY *vs.* SIDNEY COVICH, trustee. May 22, 1987. *Public Utilities,* Judicial review. *Water Company. Department of Public Utilities. Words,* "Service connection," "Hydrant connection to the mains of the Water Company."

The plaintiff seeks by its amended complaint to recover: (1) unpaid charges for supplying unmetered water to or making it available for use in the fire protection system which is located in a complex of former machine shops and related buildings owned by the defendant (count 1); (2) the value of labor and materials supplied by the plaintiff in the course of performing maintenance and other work on that system at the defendant's request (count 2); and (3) the value of water which the defendant has allegedly stolen by bypassing a meter (count 3). The allegations of the defendant's answers and counterclaims need not be set out in detail; it is enough for present purposes that the reader understand that the pleadings raise apparently genuine questions as to the applicability and proper interpretation of certain of the provisions of the tariff filed by the plaintiff with the Department of Public Utilities (DPU) under G. L. c. 164, § 94, which has been in effect since prior to the defendant's acquisition of the complex. A judge of the Superior Court undertook to interpret the disputed provisions and rendered a partial summary judgment in favor of the plaintiff under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). The defendant appealed. 1.(a) The disputes as to the meanings which the DPU intended should attach to the words "service connection" and the phrase "hydrant connection to the mains of the Water Company" which are employed in the portion of the M.D.P.U. No. 8, effective April 13, 1984, which is directed to the rates for private fire service must be resolved by the DPU in the first instance and before any further proceedings are had in the Superior Court. *Spence* v. *Boston Edison Co.,* 390 Mass. 604, 612-615 (1983). Compare *Distrigas of Mass. Corp.* v. *Boston Gas Co.,* 693 F.2d 1113, 1117-1119 (1st Cir. 1982), *S.C.,* 737 F.2d 1208 (1st Cir.), and 751 F.2d 20 (1st Cir. 1984). See also *Great No. Ry.* v. *Merchants Elevator Co.,* 259 U.S. 285, 290-293 (1922). Contrary to the argument advanced by the defendant in his brief, there is no question as to the authority of the DPU to interpret the disputed provisions after notice and hearing. See G. L. c. 164, §§ 76, 93 and 94; G. L. c. 165, §§ 2

and 4. See also *Boston Consol. Gas Co.* v. *Department of Pub. Util.*, 321 Mass. 259, 264-268 (1947). (b) The proceedings in the Superior Court are to be stayed (*Boston Edison Co.* v. *Brookline Realty & Inv. Corp.*, 10 Mass. App. Ct. 63, 67-69 [1980]; *Massachusetts Elec. Co.* v. *Doctors Hosp., Inc.*, 11 Mass. App. Ct. 889, 889-890 [1980]) for such reasonable period of time (to be determined by the Superior Court) as may be necessary to give the defendant an opportunity to apply to the Commission of the DPU (G. L. c. 25, §§ 1, 2 and 4), as opposed to counsel for the commission, for interpretations of the disputed provisions as they may apply to the circumstances of this case. If no such interpretations are forthcoming within a reasonable period of time (similarly determined), the court is to proceed under the prayer for declaratory relief which appears in count 1 of the defendant's amended counterclaim and is to issue process to the commission to cause it to become a party to the proceedings pursuant to G. L. c. 231A, § 8. See *Commonwealth* v. *Massachusetts Elec. Co.*, 347 Mass. 780 (1964); *Commonwealth* v. *Cambridge Elec. Light Co.*, 347 Mass. 781 (1964); *Commonwealth* v. *Boston Edison Co.*, 347 Mass. 781 (1964). See also the penultimate paragraph of G. L. c. 25, § 5. If the DPU is joined as a party, the court may require the necessary interpretations. (c) Without regard to whether the interpretations are obtained in the court of administrative proceedings or in the pending judicial proceedings, the defendant will have the burdens of proof and persuasion that the disputed provisions should be interpreted in the manner desired by him (*Metropolitan Dist. Commn.* v. *Department of Pub. Util.*, 352 Mass. 18, 24-25 [1967]; *Fryer* v. *Department of Pub. Util.*, 374 Mass. 685, 690 [1978]) or that some other filed rate appearing in M.D.P.U. No. 8 should be applied to his fire protection system or to some part thereof. *Metropolitan Dist. Commn.* v. *Department of Pub. Util.*, 352 Mass. at 25. *Fillmore* v. *Department of Pub. Util.*, 357 Mass. 222, 224 (1970). The DPU does not have power to order reparations or to require that the defendant be given credits against unpaid charges. *Metropolitan Dist. Commn.* v. *Department of Pub. Util.*, 352 Mass. at 26. *Newton* v. *Department of Pub. Util.*, 367 Mass. 667, 679-680 (1975). *Southbridge Water Supply Co.* v. *Department of Pub. Util.*, 368 Mass. 300, 310 (1975). *Fryer* v. *Department of Pub. Util.*, 374 Mass. at 690. (d) Once the DPU has rendered the necessary interpretations or has determined that some other filed rate is applicable in the circumstances, or both, the Superior Court may then make the findings of fact and perform the arithmetic computations necessary to determine the total amount due the plaintiff under count 1 of the amended complaint and under any supplemental complaint the plaintiff may file in order to bring the account between the parties down to date (Mass.R.Civ.P.15[d], 365 Mass. 762 [1974]), and the court may award damages for the amount so determined. *Fillmore* v. *Department of Pub. Util.*, 357 Mass. at 223. *Southbridge Water Supply Co.* v. *Department of Pub. Util.*, 368 Mass. at 310. *Fryer* v. *Department of Pub. Util.*, 374 Mass. at 690. *B.P.W. Plastics Corp.* v. *Massachusetts Elec. Co.*, 5 Mass.

App. Ct. 882, 883 (1977). 2. We do not consider whether there was error in entering judgment for the plaintiff on count 2 of the amended complaint or in dismissing count 2 of the amended counterclaim because it has not been argued before us that either of those actions was erroneous. Mass.R.A.P. 16 (a) (4), as amended, 367 Mass. 921 (1975). 3. The Superior Court has not yet acted on count 3 of the amended complaint or on count 3 of the amended counterclaim, and we intend no intimation as to either of those counts. 4. So much of the judgment entered on June 27, 1986, as awards damages and interest on count 2 of the complaint (or amended complaint) and dismisses count 2 of the counterclaim (or amended counterclaim) is affirmed; the remainder of the judgment is reversed; and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Henry J. Lane (Faith M. Lane* with him) for the defendant.
*William D. Jalkut* for the plaintiff.