Cowin, J.
The plaintiff, Patricia Alonzi (“Alonzi”), has brought this action pursuantto G.L.c. 151B forwages, punitive damages, emotional distress damages, and attorneys fees and costs, arising out of alleged discrimination on the basis of age. The defendants have now moved to dismiss the Amended Complaint on the grounds that (1) the complaint fails to state a claim upon which relief can be granted; and (2) the G.L.c. 15 IB claim cannot be brought in state court while an action based on the same allegations, and brought under the federal Age Discrimination in Employment Act, is pending in federal court. The Court does not agree with either of the defendants’ assertions, and the motion to dismiss must be denied.
*38 BACKGROUND
On June 22, 1990, Alonzi’s employment with the defendants was terminated. Based on this termination, Alonzi filed a complaint with the Equal Employment Opportunity Commission (“EEOC”), which in turn filed a complaint, on Alonzi’s behalf, in federal district court on October 27, 1992, alleging violations of the federal Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. §623 et seq.
The ADEA provides, in relevant part, that:
Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.
29 U.S.C. §626(c)(l).
On January 11, 1993, Alonzi filed an Amended Complaint in this Court, alleging violations of G.L.c. 151B, arising out of the same allegedly wrongful termination by the defendants.
DISCUSSION
I. Failure to State a Claim upon which Relief Can Be Granted.
When evaluating the sufficiency of a complaint for purposes of Mass.R.Civ.P. 12(b)(6), the court must take the factual allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
Under this liberal standard, the plaintiff has sustained her burden of pleading a cause of action under G.L.c. 151B. At para. 9 of the Amended Complaint, the plaintiff alleges that “[d]efendants engaged in unlawful employment practices in violation of G.L.c. 151B, §4 . . and at para. 10 of the Amended Complaint, she alleges that “[defendants’ treatment of Plaintiff . . . was discriminatory in violation of G.L.c. 151B.” Taken together with the defendant’s factual allegations that defendant dismissed her from her job when she was 54 because of her age, these claims are sufficient to state a cause of action.
Alonzi’s legal conclusions that the defendants’ conduct violated G.L.c. 151B together with her factual charges fairly notify the defendants of the nature of the claim and the grounds on which the plaintiff relies. Druker v. Roland Wm. Jutras Assocs., Inc., 370 Mass. 383, 385 (1976), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addition, the allegations are sufficient to raise inferences that fulfill each element of a cause of action under G.L.c. 151B. Slaney v. WestwoodAuto, Inc., 366 Mass. 688, 701 (1973), held that, in spite of the fact that the plaintiff had not explicitly so alleged, an inference could be drawn that the plaintiff was a consumer from the very fact that the action was brought under G.L.c. 93A, §9, which applies only to consumers. Alonzi is not required to explicitly plead each element of her cause of action in her complaint.
II. Parallel Claims in State and Federal Court.
There is no merit to the defendants’ assertion that the ADEA preempts a state remedy for age discrimination. Simpson v. Alaska State Comm’n for Human Rights, 423 F.Supp. 552, 555-56 (1976), aff'd, 608 F.2d 1171, 1175 (1979), and cases cited; Pettibon v. Pennzoil Prods. Co., 649 F.Supp. 759 (W.D. Pa. 1986); see also Freeman v. Package Machinery Co., 865 F.2d 1331, 1333 (1st Cir. 1988) (plaintiff s ADEA and G.L.c. 15 IB claims tried to jury and judge, respectively, in same federal court action); Fontaine v. Ebtec Corp., 415 Mass. 309 (1993) (plaintiffs ADEA and G.L.c. 15 IB claims tried simultaneously to jury in same state court action).
The Court also rejects the defendants’ assertion that once the EEOC files a claim under the ADEA on Alonzi’s behalf, Alonzi is statutorily barred by the ADEA from bringing, individually, a claim under G.L.c. 151B. The clear and unambiguous meaning of 29 U.S.C. §626(c)(l) is simply that, where the EEOC files a suit on behalf of a plaintiff under the ADEA, the plaintiff is precluded from bringing any ADEA claims in her individual capacity. That provision states in the second clause that “the right... to bring such action shall terminate upon the commencement of an action by the [EEOC] ...” 29 U.S.C. §626(c)(l) (emphasis added). The words “such action” refer back to the first clause of the provision which discusses only actions brought under “this chapter”; i.e., the ADEA. See, e.g., Chapman v. Detroit, 808 F.2d 459 (6th Cir. 1986).
Finally, the Court addresses the issue of whether, if not preempted or statutorily barred, the plaintiff may bring this parallel state cause of action in state court while the federal ADEA claim is still pending.
There is no bar to bringing related, or even identical, actions simultaneously in state court and in federal court. “It is well settled that ‘[w]here a suit is strictly in personam, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation . . .’ ” Rojas-Hernandez v. Puerto Rico Elec. Power Auth., 925 F.2d 492, 495 (1st Cir. 1991), citing Penn Gen. Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935). “Generally, as between state and federal courts, the rule is that ‘the pendency of an action in the state court is no bar to proceedings concerning the *39 same matter in the federal court having jurisdiction . . .’ ” Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).
A large body of law, involving principles of statutorily conferred federal jurisdiction not entirely applicable here, has developed around the question when a federal court must exercise jurisdiction, or may instead dismiss a cause of action in federal court when a related action is pending in state court. The factors that the federal court considers in such cases are instructive here. “Only the clearest of justifications will warrant dismissal.” Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The court weighs:
1. whether property is involved in the litigation; 2. the inconvenience of the federal forum; 3. the desirability of stopping piecemeal litigation; and 4. The order in which jurisdiction was obtained by the courts. [Colorado River, supra at 813.] In Moses H. Cone v. Mercury Construction Corp., 460 U.S. 1 . . . (1982), the court added two more elements: 5. whether federal law or state law controls; and 6. whether the state forum will adequately protect the interests of the parties.
Gonzalez v. Cruz, 926 F.2d 1, 3 (1st Cir. 1991).
Here, the defendants oppose the parallel proceedings only on the basis of the “desirability of stopping piecemeal litigation,” asserting that “such a scenario creates the possibility that [the two courts] will render inconsistent judgments,” Defendants’ Memorandum in Support of their Motion to Dismiss, at 5; “such a duplication of effort would constitute a waste of judicial resources,” id., at 5; and defending both actions would be vexatious and burdensome to the defendants. These reasons, without more, do not warrant dismissal of a claim. Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir. 1990) (“[dismissal is not warranted simply because . . . two courts otherwise would be deciding the same issues”); Gonzalez v. Cruz, 926 F.2d 1, 4 (1st Cir. 1991) ([t]he mere fact that the [same issue] will arise in both suits and that proof may be overlapping is not necessarily significant unless this fact, in a particular context, has potential for unfairness or harm”).
Dismissal of the state court action is especially inappropriate where, as here, (1) the plaintiffs in the two actions are not strictly identical,[2] and Alonzi has no control over the progress of the federal court action; (2) the federal court has no independent jurisdiction under which Alonzi, individually, could bring the c. 151B claim, see Interstate Material Corp. v. Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988); and (3) the causes of action are not identical.[3]
The Court is not unmindful, however, of the issues of judicial efficiency raised by the defendants. While dismissal of the state action is not the appropriate remedy, the Court chooses instead to exercise its power, inherent in the Court by virtue of its right to control disposition of its docket, to grant a stay of this action pending the outcome of the ADEA claim in federal court. See Municipal Lighting Comm’n of Peabody v. Stathos, 13 Mass.App.Ct. 990 (1982); Travenol Laboratories, Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985) (“a motion to stay proceedings is ordinarily a matter addressed to the sound discretion of the trial judge”).
ORDER
For the above reasons, the defendants’ motion to dismiss is DENIED. The Court further orders that this action be STAYED, pending resolution of the action currently pending in federal district court, Civil Action No. 92-12583Y.

 Plaintiff in the federal action is the EEOC.

 The defendants assert that a determination of the ADEA claim would have preclusive, or collateral estoppel effect on the G.L.c. 151B claim, but cites no case for this proposition. The court need not decide this issue, however, since dismissal is inappropriate even under such circumstances. Rojas-Hernandez v. Puerto Rico Elec. Power Auth., 925 F.2d 492, 497 (1st Cir. 1991) (parallel proceedings in state and federal court do not create significant potential for prejudice from piecemeal litigation for the very reason that “(¡Judgment in one case may be res judicata in the other, thereby ensuring consistency”).