58

CITY OF CINCINNATI, APPELLANT, *v.* WHITMAN, DIR. OF
ENVIRONMENTAL PROTECTION, ET AL., APPELLEES.

(No. 74-556—Decided November 19, 1975.)

*Mr. Thomas A. Luebbers*, city solicitor, and *Mr. Philip S. Olinger*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. Christopher R. Schraff*, for appellee Director of Environmental Protection.

*Mr. Harvey A. Immerman*, for appellee Harvey A. Immerman.

STERN, J. The sole assignment of error in the Court of Appeals was that "[t]he Environmental Board of Review erred in ordering the appellant to fluoridate its water supply because it placed a burden on appellant to extricate itself from a perilous situation." The city contends that to obey the orders of the Board and the Director, it must act in contempt of the permanent injunction issued by the Court of Common Pleas of Hamilton County. Because we conclude that the Court of Common Pleas lacked jurisdiction to issue the injunction, and therefore that the injunction is void, we agree that the assignment of error was properly overruled by the Court of Appeals.

One of the requisites to the rendition of a declaratory judgment is that all necessary parties be before the court, and the absence of an interested and necessary party "constitutes a jurisdictional defect which precludes the court from properly rendering a declaratory judgment." *Zanesville* v. *Zanesville Canal & Mfg. Co.* (1953), 159 Ohio St. 203, 111 N. E. 2d 922.

The issue presented in the declaratory judgment action, *supra*, was the constitutionality of R. C. 6111.13 and 6111.30. R. C. 6111.13 provides that "[t]he Environmental

Protection Agency shall exercise general supervision of the operation and maintenance of the public water supply and water-works systems throughout the state," and requires the fluoridation of supplied water of a public water system, if it does not contain a certain level of fluoride. The actual costs of equipment necessary for purposes of fluoridation would be reimbursed from funds available to the Environmental Protection Agency. R. C. 6111.30 provides for penalties to be imposed for failure to obey an order of the Director of Environmental Protection to perform an act required by R. C. 6111.12 to R. C. 6111.30. The Director is also required, by R. C. 6111.12, to inquire into and investigate complaints that a public water supply does not contain the level of fluoride required by R. C. 6111.13.

The provisions of those statutes impose clear duties upon the Director to investigate and enforce compliance with the fluoridation requirement of R. C. 6111.13. The General Assembly has delegated to him the authority to monitor the level of fluorides in public water systems, reimburse the costs of equipment, adopt and enforce rules and regulations, hold hearings, and issue orders requiring compliance with the fluoridation directives of R. C. 6111.13. The effect of holding R. C. 6111.13 and R. C. 6111.30 unconstitutional would be to remove all those duties and obligations from the Director. In particular, it would render ineffective any order of the Director in pursuance of his statutorily mandated duty to enforce R. C. 6111.13.

It is apparent that the issue in the declaratory judgment action, *supra*, affected both the city and the Director. That action's practical effect was to interpose a bar to any proceeding by the Director against the city. It is also apparent that, in the absence of the Director as a party, the judgment would not terminate the uncertainty or controversy, for the judgment would not prejudice the right of the Director to issue compliance orders or to perform his other duties. The anomalous result would be that the Director would retain the right and duty to order compliance with R. C. 6111.13, and that the object of that order would have the right and duty to disobey it.

Properly, when declaratory relief is sought which involves the validity or construction of a statute and affects the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought. *Langer* v. *State* (1939), 69 N. D. 129, 284 N. W. 238; *Harvey Payne, Inc.,* v. *Slate Co.* (1961), 342 Mass. 368, 173 N. E. 2d 285; *Mobile* v. *Gulf Development Co.* (1965), 277 Ala. 431, 171 So. 2d 247; *Aerated Products Co.* v. *Godfrey* (1943), 263 App. Div. 685, 35 N. Y. S. 2d 124, reversed on other grounds, 290 N. Y. 92, 48 N. E. 2d 275.

Joinder of such officers assures that the parties will be properly adverse, that the issues involved will be fully presented, that the uncertainty or controversy will be terminated, and that the public interest will be adequately protected without a multiplicity of suits.

In *Crotty, supra,* the Director was an interested and necessary party to the proceeding and the failure to join him in the suit deprived the court of jurisdiction to render an enforceable declaratory judgment.

The state also claims that the Court of Common Pleas of Hamilton County lacked jurisdiction because of R. C. 6111.27. That argument was rejected by the Court of Common Pleas, and that statute has since been repealed. Our holding that the court lacked jurisdiction because of failure to join a necessary party renders this issue moot.

The constitutional issues raised in the declaratory judgment action in the Court of Common Pleas are not properly before us, not having been assigned as error in the Court of Appeals. See our decision in *Canton* v. *Whitman,* 44 Ohio St. 2d 62, also rendered this day.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., dissent.