Appellant Stephanie Eason appeals the trial court's decision denying her motion for summary judgment and granting appellee's motion for summary judgment. For the foregoing reasons, this appeal is dismissed.
Appellant Stephanie Eason leased an apartment on September 13, 1995 in a building located at 907 East 140th Street, Cleveland, Ohio. The building was managed by V-S Housing Management Company ("V-S"), which was responsible for the day-to-day maintenance of the building. At the time appellant leased the apartment, she noticed that a lock on the kitchen window was broken; she informed V-S's housing agent, Tracy Wilson, about the problem.
The window was purportedly repaired soon after appellant's complaint; however, appellant noticed that the repair was not properly done — a rotted piece of the window frame had been replaced to give the appearance of a repair. Appellant again contacted Ms. Wilson.
Ms. Wilson promised appellant another maintenance person would be sent to repair the window lock; however, before the repair was completed, an unidentified assailant gained access to appellant's apartment through the kitchen window and assaulted and raped the appellant.
The investigating officer in the incident stated that the assailant was likely a drug dealer who misidentified appellant as the girlfriend of a competing drug dealer.
Appellant thereafter filed an action in the Cuyahoga County Court of Common Pleas against the building's owner of record, June Johnson, and V-S, alleging negligent repair and maintenance.[1]
Appellant subsequently filed an amended complaint adding appellee Acceptance Insurance Company as a new-party defendant.
Appellee had a contract of insurance with named insureds Virgil and Nicole Stone. Appellee concedes that V-S was the property manager of the named insureds and is, thus, an "other insured" as defined by Section II of the policy.[2] On August 14, 1996, V-S filed an "amended answer" to appellant's amended complaint and also asserted a cross-claim against appellee, seeking recovery for its failure to honor the claim of V-S arising from the incident.
The policy at issue in this dispute was effective from March 29, 1995 through March 29, 1996. The policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies." In addition, a Physical and Sexual Abuse Endorsement to the policy provides:
 This policy does not apply to any injury sustained by any person arising out of or resulting from sexual and/or physical abuse by:
1. any insured; or
2. any of your employees; or
 3. any person performing volunteer services for you or on your behalf; or
4. any other person.
 We shall not have any duty to defend any suits against you seeking damages on account of any such injury.
 The intent of this endorsement is to exclude all injuries sustained by any person, including emotional distress, arising out of sexual and/or physical abuse including but not limited to sexual and/or physical abuse caused by negligent employment, investigation, training, supervision, or reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible.[3]
Appellant moved for summary judgment in the lower court, seeking a declaration that her claim is covered by appellee's contract with V-S. Appellee opposed the motion and filed its own motion for summary judgment seeking judgment in its favor on the claims of both appellant and V-S. Appellant filed her brief in opposition to the motion; V-S filed no opposition. The trial court thereafter granted summary judgment in appellee's favor on both appellant's claim and V-S's cross-claim and denied appellant's motion for summary judgment.
Appellant subsequently filed a motion for a Civ.R. 54 (B) order; the trial court denied the motion. On June 12, 1998, appellant filed a voluntary dismissal of V-S and subsequently filed her notice of appeal of the trial court's decision on the parties' motions for summary judgment.
 JURISDICTION
Appellee has raised two issues regarding whether this court may properly hear the appeal.
Appellee first contends that there was no final appealable order. The trial court granted summary judgment in appellee's favor on September 15, 1997; appellant thereafter filed a notice of dismissal pursuant to Civ.R. 41 (A) (1) (a) dismissing V-S, the sole remaining defendant. In support, appellee relies on Ruizv. Caraballo (1997), 117 Ohio App.3d 388, which held that an order of summary judgment does not become a final appealable order where the plaintiff files a voluntary dismissal pursuant to Civ.R. 41 (A) (1) (a).
However, this court recently addressed this issue en banc inOhio Leitina Company v. Vandra Brothers Construction, Inc. (Sep. 3, 1998) Cuyahoga App. No. 72616, unreported, in an effort to achieve uniformity regarding this issue. In Leitina, we relied on Guidelines adopted by this court in December 1993 "in an effort to facilitate its determination of what constitutes a final appealable order and to create more consistent results." The Guideline applicable to the within action reads:
 * * * 2. If claims or actions against former parties were dismissed without prejudice at any time during the proceedings below, they will be treated "as if no action had been brought at all" as to those parties. DeVille Photography, Inc. v. Bowers (1959). 169 Ohio St. 267, 272, 159 N.E.2d 443; Johnston v. Cartwright
(C.A.8, 1965). 344 F.2d 773, 774.
Thus, this court overruled Ruiz to the extent that it was inconsistent with the Guidelines and chose to follow the Guidelines formerly adopted by this court.
Therefore, the order of the trial court granting summary judgment in favor of appellee is a final, appealable order.[4]
Appellee next contends that V-S is a necessary party to the action and since V-S has been dismissed, the absence of a necessary party constitutes a jurisdictional defect.
R.C. 2721.12 provides in pertinent part:
 When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * *.
Since the declaratory action sought a declaration as to whether or not appellee would indemnify V-S and defend the underlying lawsuit, clearly, V-S's rights "would be affected by the declaration."
R.C. 2721.12 applies to declaratory actions brought in the trial court. As acknowledged in Leitina, Guideline No. 2 provides that where claims against former parties are dismissed without prejudice during the proceedings below, "they will be treated "as if no action had been brought at all' as to those parties." Pursuant to appellant's Civ.R. 41 (A) (1) (a) dismissal, we must treat V — S "as if no action had been brought at all" against it; therefore, a necessary party was absent from the declaratory judgment proceedings.
This court has acknowledged that the absence of a necessary party is a jurisdictional defect, precluding the entry of a declaratory judgment. Bretton Ridge Homeowners Club v. DeAngelis
(1988), 51 Ohio App.3d 183, 185, citing Cincinnati v. Whitman
(1975), 44 Ohio St.2d 58, 59. Thus, other issues, including the merits, become moot. Id. See, also, Jenkins v. Keller (1966),6 Ohio St.2d 122. Since a necessary party was absent from the declaratory judgment, no declaratory judgment could have been rendered.
Moreover, the trial court's concluding paragraph in its opinion merely states:
 Since the injuries suffered by Eason as a result of V-S's alleged negligence are specifically excluded from coverage by V-S's policy with Acceptance, summary judgment in favor of Acceptance must be granted on Eason's claims and V-S's cross claim.
Although the trial court ruled on the pending summary judgment motions, it did not expressly declare the rights and obligations of the parties. This court has held that "trial courts fail to fulfill their function in declaratory judgment actions by granting summary judgment without expressly declaring the parties' rights and obligations." Leader Natl. Ins. Co. v. Eaton
(1997). 119 Ohio App.3d 688, at footnote one, citing Waldeck v.N. College Hill (1985), 24 Ohio App.3d 189. Thus, the trial court's order did not sufficiently declare the rights and obligations of the parties as required in a declaratory judgment action.
Since the absence of a necessary party renders a declaratory judgment action a nullity and the trial court failed to expressly declare the parties' rights and obligations, this appeal is dismissed.
It is ordered that appellant and appellee shall share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and JAMES D. SWEENEY, J. CONCUR
 ____________________________ JUDGE KENNETH A. ROCCO
[1] June Johnson was voluntarily dismissed from the action on May 8, 1996.
[2] Pursuant to the policy as in Section II, the "employees" of the named insured are also insured.
[3] Although there was apparent confusion over whether this endorsement or a prior endorsement was in effect, the endorsement quoted in the opinion was the more recent, dated 1994; an affidavit by appellant's attorney indicated appellee's attorney informed her that the recent endorsement was the proper one, and both parties as well as the trial court addressed the more recent endorsement in their briefs. Therefore, this court will assume that this was the proper endorsement.
[4] Although the Ohio Supreme Court had certified a conflict on this issue, that appeal was recently dismissed. See Ferro Corp.v. Blaw-Knox Food Chem. Equip. Co. (1998), 82 Ohio St.3d 1414, appeal dismissed, 83 Ohio St.3d 1414.