DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which, in a declaratory judgment action, determined that a residence could not be built on lot forty-one in the Williamsburg on the River subdivision of Washington Township, Wood County, Ohio. Defendant-appellant, Robert C. Verbon, Inc., the record owner of lot forty-one, appeals assigning the following as error:
 "1. The Court Erred [sic] in failing to rule on Defendant's Motion to add additional parties prior to trial.
 "2. The Court erred in failing to order that additional and necessary parties be added.
 "3. The Court erred in ruling that Plaintiff had standing to enforce the deed of restrictions.
 "4. The Court erred in failing to properly interpret the deed of restrictions.
 "5. The Court erred in failing to declare that lot 41 had to be a buildable lot in order for the Wood County Planning Commission to approve the Split [sic] of 30 feet off lot 41.
 "6. The Court Erred [sic] in Granting Declaratory Judgment because there was no justiciable controversy at the time Plaintiff filed its complaint for declaratory judgment."
Plaintiff-appellee, the Williamsburg Association, is an association of homeowners in the Williamsburg on the River subdivision. Williamsburg on the River was created by the Shetland Hills Corporation in 1961 as a residential subdivision of single family homes. Paragraph one of the Declaration of Restrictions affecting the lots in Williamsburg on the River addresses land use and building type issues and reads in relevant part:
 "No lot shall be used except for residential purposes and only one single residence may be erected on each lot; provided, however, that if a residence is erected on a parcel composed of a lot and part of another lot, this shall not be deemed to prohibit the erection of a residence on a parcel composed of the remainder of said lot and another lot; nor to prevent the erection of a residence on a parcel composed of the remainder of said lot and part of another lot if such parcel composed of parts of two lots has a frontage of not less than one hundred (100) feet at the building set-back line."
Paragraph 18 of the Declaration of Restrictions grants the Shetland Hills Corporation the right to collect an annual maintenance charge or assessment from all lot owners in Williamsburg on the River. Paragraph 18 then specifies those activities for which the maintenance charge or assessment can be used, including the enforcement of the Declaration of Restrictions. The Declaration of Restrictions further provides for the creation of the Williamsburg Association:
 "20. THE WILLIAMSBURG ASSOCIATION. Upon conveyance of title, by Shetland, to the purchaser of the second (2nd) lot in Williamsburg on the River and after construction of a dwelling is started thereon, there shall be formed a non-profit corporation by the property owners of Williamsburg on the River known as The Williamsburg Association. The purpose of The Williamsburg Association to be: for the maintenance and operation of recreational facilities for the property owners and residents of Williamsburg on the River and the ultimate care and maintenance of the roads, parkways, lake, swimming pool, pool house and tennis courts."
Finally, at Paragraph 21, the Declaration of Restrictions reads:
 "All of the rights, powers, easements, estates, liens and charges given to Shetland hereby may, if Shetland should so desire, be assigned and transferred by it to a corporation or association that will agree to assume said rights, powers, duties and obligations and carry out and perform the same according to the terms, covenants and conditions hereof * * *."
In a Deed and Agreement dated November 4, 1964, the Shetland Hills Corporation, pursuant to Paragraph 21 of the Declaration of Restrictions, conveyed and assigned to the Williamsburg Association "* * * its successors and assigns forever, all of its rights and obligations given to or imposed upon it by paragraph 18 of said Declaration of Restrictions, including the right to collect, expend, adjust, increase or eliminate the maintenance charges or assessments all as provided for in said paragraph 18[.]" Similarly, the Williamsburg Association agreed to accept the assignment to it and agreed to carry out all of the rights and obligations so assigned.
In the fall of 1998, Robert C. Verbon, Inc. was the record owner of lot forty and the southern two-thirds of lot forty-one in Williamsburg on the River. A home sits on lot forty but lot forty-one is vacant. Prior to Verbon's purchase of the properties, lot forty-one was partitioned by the previous owners of lots forty and forty-two, with the northern one-third portion going to the owner of lot forty-two. Accordingly, Verbon's portion of lot forty-one is approximately ninety-five feet wide at the set back line. In September 1998, Verbon advertised an auction for the sale of both lots forty and forty-one. The advertisement stated that the properties could be purchased together or separately and listed lot forty-one as a buildable lot. As a result of this advertisement, the Williamsburg Association filed a declaratory judgment action to enforce the Declaration of Restrictions. Specifically, the Williamsburg Association sought an order declaring that lot forty-one was non-buildable. The Williamsburg Association also filed a motion for a temporary restraining order to stop Verbon's proposed auction of the two lots. Subsequently, Verbon filed a motion to add additional necessary parties to the case. Specifically, Verbon sought to add the Shetland Hills Corporation as well as all of the owners of lots in Williamsburg on the River as plaintiffs in the action. The court did not rule on the motion for a temporary restraining order or on the motion to add additional parties. Rather, the court scheduled the case for a trial to the bench.
On May 16, 2000, the case came before the court for a trial on the declaratory judgment action; however, only counsel for the Williamsburg Association appeared. That counsel presented testimony and exhibits regarding the width of lot forty-one. At the conclusion of the trial, Verbon's counsel appeared and the court agreed that the parties would submit briefs addressing the claim for declaratory judgment. The parties submitted their briefs and, on August 11, 2000, the court filed a decision and judgment entry which declared that a residence could not be erected on the portion of lot forty-one that is owned by Verbon. It is from that judgment that Verbon now appeals.
Verbon's first and second assignments of error are interrelated and will be discussed together. Verbon first asserts that the trial court erred in failing to rule on the motion to add additional parties as plaintiffs to the case below. It is well-established that "when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it." State ex rel. Cassels v. Dayton City School Dist.Bd. of Edn. (1994), 69 Ohio St.3d 217, 223. Accordingly, we must presume that the trial court denied Verbon's motion to add additional parties to the case.
Verbon further asserts that the trial court erred in failing to grant its motion to add additional parties as plaintiffs to the case. Verbon filed its motion pursuant to Civ.R. 19(A) which reads in relevant part:
 "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest * * *."
In its motion, Verbon asserted that the Shetland Hills Corporation as well as all of the record owners of lots in Williamsburg on the River were necessary parties to the action. Verbon essentially argued that the proposed plaintiffs were necessary parties because they had an interest relating to the property at issue and that, in their absence, Verbon could be exposed to multiple litigation.
Although Verbon filed its motion to join pursuant to Civ.R. 19, a declaratory judgment action is a special statutory proceeding. R.C.2721.12 addresses the issue of necessary parties to a declaratory judgment action and provides in relevant part:
 "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding."
Accordingly, in a declaratory judgment action which seeks the construction of a deed restriction, the absence of a necessary party is a jurisdictional defect. Cincinnati v. Whitman (1975), 44 Ohio St.2d 58,59; Gareau v. Holiday Lakes Property Owners' Association, Inc. (Aug. 9, 1991), Huron App. No. H-90-52, unreported. Whether one is a necessary party, however, turns on whether he or she has a legal interest that will be affected by the outcome of the declaratory judgment proceeding.Driscoll v. Austintown Associates (1975), 42 Ohio St.2d 263, 273.
In the proceedings below, the court held that the individual property owners of Williamsburg on the River need not be added as plaintiffs to the action because they were all members of plaintiff the Williamsburg Association pursuant to Paragraph 20 of the Declaration of Restrictions. As such, the court stated, Verbon's argument in favor of joinder was simply an argument of form over substance. We agree. The Williamsburg Association is an association of all of the property owners in Williamsburg on the River. Paragraph 18 of the Declaration of Restrictions granted the Shetland Hills Corporation the authority to collect assessments from all property owners in Williamsburg on the River and to apply those assessments toward the enforcement of the restrictions. Through the Deed and Agreement of November 4, 1964, the Shetland Hills Corporation conveyed and assigned to the Williamsburg Association all of its rights and obligations given to or imposed upon it through Paragraph 18 of the Declaration of Restrictions. Accordingly, the Williamsburg Association has full authority to act on behalf of all of the property owners to enforce the Declaration of Restrictions and the individual property owners need not be joined as plaintiffs in a declaratory judgment action which seeks an interpretation of a deed restriction. As such, we find that the legal interests of the property owners were protected under the circumstances of this case. The first and second assignments of error are therefore not well-taken.
In its third assignment of error, Verbon asserts that the trial court erred in finding that the Williamsburg Association had standing to enforce the deed restrictions at issue.
R.C. 2721.03 provides in relevant part that "[a]ny person interested under a deed * * * may have determined any question of construction or validity arising under such instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder." The term "person," as used in R.C. 2721.03, is defined as "any person, partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation." R.C. 2721.01. Accordingly, the Williamsburg Association is a "person" as that term is used in R.C.2721.03. Moreover, because the Williamsburg Association has the authority to enforce the deed restrictions pursuant to the Declaration of Restrictions as amended by the Deed and Agreement of November 4, 1964, it is a person interested under a deed. The Williamsburg Association therefore had standing to bring the instant declaratory judgment action and the third assignment of error is not well-taken.
In its fourth, fifth and sixth assignments of error, Verbon challenges the trial court's interpretation of the deed restrictions at issue. The construction of written instruments, including deeds, is a matter of law. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. Unlike a trial court's determination of facts which are given great deference, questions of law are reviewed denovo. Graham v. Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313.
The rules of construction applicable to restrictive covenants are well settled. These rules are based on the principle that restrictions on the free use of land are disfavored. Benner v. Hammond (1996),109 Ohio App.3d 822, 827. Accordingly, the Supreme Court of Ohio has consistently held that "[w]here the language contained in a deed restriction is indefinite, doubtful and capable of contradictory interpretation, that construction must be adopted which least restricts the free use of the land." Houk v. Ross (1973), 34 Ohio St.2d 77, paragraph two of the syllabus, overruled on other grounds by Marshall v.Aaron (1984), 15 Ohio St.3d 48. "Where the language in the restriction is clear, the court must enforce the restriction. Otherwise, the court would be rewriting the restriction. * * * The key issue is to determine the intent of the parties as reflected by the language used in the restriction." Dean v. Nugent Canal Yacht Club, Inc. (1990),66 Ohio App.3d 471, 475. In this regard, the court must give the language used in a restrictive covenant its common and ordinary meaning,Devendorf v. Akbar Petroleum Corp. (1989), 62 Ohio App.3d 842, 845, and must read the restrictive covenants as a whole. LuMac Dev. Corp. v. BuckPoint Ltd. Partnership (1988), 61 Ohio App.3d 558, 565-566.
This case requires us to determine the meaning of paragraph one of the Declaration of Restrictions affecting the lots in Williamsburg on the River. To restate, that paragraph reads in relevant part:
 "No lot shall be used except for residential purposes and only one single residence may be erected on each lot; provided, however, that if a residence is erected on a parcel composed of a lot and part of another lot, this shall not be deemed to prohibit the erection of a residence on a parcel composed of the remainder of said lot and another lot; nor to prevent the erection of a residence on a parcel composed of the remainder of said lot and part of another lot if such parcel composed of parts of two lots has a frontage of not less than one hundred (100) feet at the building set-back line."
In our view, the restriction sets forth a general rule that only one single residence may be erected on each lot, and then sets forth exceptions to that rule. The first exception is that if a residence is built on a parcel composed of a lot (lot A) and part of another lot (lot B), a residence can still be built on a parcel composed of the remainder of said lot (lot B) and another lot (lot C). This exception clearly implies that lots A and C must be whole lots. The second exception is that if a residence is built on a parcel composed of a lot (lot A) and part of another lot (lot B), a residence can still be built on a parcel composed of the remainder of said lot (lot B) and part of another lot (lot D) if the parcel composed of parts of lots B and D has a frontage of not less than one hundred feet at the building set-back line. Although the restriction does not state a minimum width for any whole lots, it clearly does not provide for the erection of a residence on a portion of a lot unless that portion is combined with a portion of another lot. In the present case, appellant advertised the southern two-thirds of lot forty-one as a buildable lot. Under the clear meaning of the Declaration of Restrictions at issue, a partial lot, standing alone, is not a buildable lot.
Accordingly, the trial court did not err in declaring that a residence could not be built on lot forty-one in the Williamsburg on the River subdivision of Washington Township, and the fourth, fifth and sixth assignments of error are not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.