{¶ 93} I agree with the majority's decision to affirm the trial court's dismissal of Appellant's motion for declaratory relief. However, I write separately because I disagree with its reasoning. Appellant sought declaratory relief through a motion. A "motion" for declaratory judgment is procedurally incorrect and fails to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721. Thus, the trial court correctly dismissed the motion, although for the wrong reasons. Had this procedural defect not existed and Appellant had filed a complaint, the correct remedy for the failure to include a necessary party is either an order that the missing party be joined pursuant to Civ.R. 19(A) or a grant of leave to amend the complaint to include that missing party, not a dismissal which the majority affirms.
 {¶ 94} As the majority noted in paragraph nine, the defendant filed a document entitled "Motion for Declaratory Judgment and/or Motion for an Evidentiary Hearing and/or Motion to Withdraw Plea, per Crim.R. 32.1 and/or Specific Performance" within his criminal case. This is an improper way to obtain declaratory relief. "[T]he declaratory judgment statutes contemplate a distinct proceeding generally initiated by the filing of a complaint. A `motion' for a declaratory judgment is precedurally [sic] incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721." (Citations omitted) Fuller v.German Motor Sales, Inc. (1988), 51 Ohio App.3d 101, 103, 554 N.E.2d 139; see also State v. Nemitz (Aug. 7, 1998), 1st Dist. No. C-970561; Philipsv. Reliable Builders, Inc. (Dec. 4, 1997), 8th Dist. No. 72703; Belockv. Belock (Sept. 19, 1997), 11th Dist. No. 97-G-2045. This procedural error alone means the trial court did not abuse its discretion when it dismissed Appellant's motion for declaratory relief and its decision should be affirmed. Belock at 7.
 {¶ 95} In its opinion, the majority treats Appellant's motion as a pleading and concludes the trial court's decision to dismiss was proper because Appellant failed to include a necessary party to the declaratory judgment action. Assuming arguendo that either Appellant had filed a complaint or it would be proper to treat his motion as a complaint, the majority's disposition of this appeal is incorrect. Clearly, the APA is a necessary party in a declaratory judgment action concerning its decisions. Whenever a party seeks declaratory relief relating to the exercise of the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought. Cincinnati v. Whitman (1975), 44 Ohio St.2d 58, 61, 73 O.O.2d 283, 337 N.E.2d 773. However, the failure to include a necessary party in a declaratory judgment action is not fatal to that action.
 {¶ 96} Ohio courts do not impose the harsh penalty of dismissal upon a plaintiff in a declaratory judgment action for the failure to include a necessary party unless the defect cannot be cured. Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. ofEdn. (1999), 86 Ohio St.3d 318, 715 N.E.2d 127; State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. Instead, Ohio courts have elected to order the missing party be joined pursuant to Civ.R. 19(A) or grant leave to amend the complaint to include that missing party. Id. In this case, there is no indication the defect could not be cured. Thus the majority's conclusion at paragraph 29 that the trial court had no choice but to dismiss Appellant's complaint since he did not sue the APA is error. Appellant filed a motion for a declaratory judgment rather than a complaint and, therefore, the trial court's decision to dismiss the motion was proper and must be affirmed. If Appellant had filed a complaint and that complaint failed to name the APA as a necessary party, it would have been improper to dismiss the complaint rather than ordering the missing party be joined pursuant to Civ.R. 19(A) or granting leave to amend the complaint to include that missing party. Thus, if Appellant had filed a complaint, the proper disposition of this appeal would be to reverse the trial court's decision, order the APA be made a party to the action pursuant to Civ.R. 19(A), and remand the case for further proceedings. For these reasons, I concur in the majority's judgment only.