OPINION
{¶ 1} Plaintiff-Appellant National Solid Wastes Management Association appeals the December 18, 2007 Judgment Entry of the Stark County Court of Common Pleas in favor of Defendant-appellee Wayne Joint Solid Waste Management District. The Cuyahoga Solid Waste Management District filed an amicus brief.
 STATEMENT OF THE CASE {¶ 2} Appellant National Solid Wastes Management Association (hereinafter "NSWMA") is a nationwide association of solid waste companies. Three of its members own and operate landfills located in the Stark-Tuscarawas-Wayne District (hereinafter "STW District"). These landfills are the American Landfill, owned and operated by American Landfill, Inc., the Countywide Landfill, owned and operated by Republic Services of Ohio II, LLC, and the Kimble Sanitary Landfill, owned and operated by the Penn-Ohio Company.
 {¶ 3} On December 13, 2006, NSWMA filed a complaint in the Stark County Court of Common Pleas against the STW District seeking a declaration that the STW District local rules were invalid and unenforceable. The matter proceeded to a bench trial. Via Judgment Entry of December 18, 2007, the trial court denied NSWMA's request to declare the STW District's rules void and unenforceable. However, the trial court agreed immediate compliance was "impossible" and extended the effective date of the recycling rule until June 1, 2009.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING JUDGMENT TO THE STW DISTRICT UPHOLDING THE DISTRICT'S *Page 3 
RULES BECAUSE AS A MATTER OF LAW THOSE RULES BECAME UNENFORCEABLE AFTER OHIO EPA ISSUED ITS SOLID WASTE MANAGEMENT PLAN FOR THE DISTRICT IN DECEMBER 2006.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN UPHOLDING THE STW DISTRICT'S RECYCLING RULE BECAUSE THAT RULE EXCEEDS THE DISTRICT'S LIMITED RULEMAKING AUTHORITY AND VIOLATES PLAINTIFF'S DUE PROCESS RIGHTS.
 {¶ 7} "III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO THE STW DISTRICT BECAUSE RULES 9.02 AND 9.03 INVADE THE EXCLUSIVE JURISDICTION OF THE OHIO EPA TO REGULATE THE OPERATION AND DESIGN OF LANDFILLS IN OHIO."
 {¶ 8} In its complaint filed with the Stark County Court of Common Pleas Appellant questions the authority of the STW District to adopt and enforce local rules 9.02, 9.03 or 9.04 restricting the use and operation of landfills in the three-county area.
 {¶ 9} Solid waste districts are political subdivisions created purely by statute. They operate according to plans developed in conjunction with the Ohio EPA. The required contents of a waste management plan are dictated by statute. Such plans may provide for the adoption of rules by the local district. A statutory timetable dictates when plans must be prepared and submitted to the Director of the Ohio EPA for approval. If the plan is not approved by the Director, the Director is empowered to create a plan for the local district. If the local district fails to implement a plan formulated by the Director, the Director shall issue an enforcement order requiring certain action by the district until an amended plan is put into place. *Page 4 
 {¶ 10} The STW District obtained Ohio EPA approval of its initial solid waste management plan in 1993. However, the District failed to obtain approval of any subsequent 5-year amended plan. Amended plans were due in 1998 and 2003 (the submitted plans were rejected). The Ohio EPA eventually notified the District it was taking over the planning process. Eventually, the STW District and the Director negotiated a "Memorandum of Understanding" (MOU) on September 26, 2005. The MOU set forth the process under which the Ohio EPA would prepare and issue its plan for the District. Over the objections of Appellant NSWMA, the STW District adopted the rules under dispute on November 3, 2006.
 {¶ 11} R.C. Section 3734.02 vests the power of enforcement of said rules with the Director of the Ohio EPA. Upon review of the record, NSWMA filed the case sub judice naming only the Stark-Tuscarawas-Wayne Joint Solid Waste Management District as a party. The complaint does not name the Director of the Ohio EPA. As the Director of the Ohio EPA has the power of enforcement of the rules under dispute, the Director is a necessary party to this declaratory judgment action.
 {¶ 12} As duly pointed out to me by my colleague Judge Edwards, the requirement for joining all necessary parties is jurisdictional and cannot be waived. Plumbers Steamfitters Local Union 83 v. Union LocalSchool District Board of Education (1999), 86 Ohio St.3d 318. A party's failure to join an interested and necessary party constitutes a jurisdictional defect precluding the court from rendering a declaratory judgment. Id.; Portage County Board of Commissioners v. City ofAkron (2006), 109 Ohio St.3d 106. *Page 5 
 {¶ 13} In Cincinnati v. Whitman (1975), 44 Ohio St.2d 58,73 O.O.2d 283, 337 N.E.2d 773, the Ohio Supreme Court examined whether a litigant needed to join the director of the EPA as a party to a suit concerning the condition of Cincinnati's drinking water. The Court held "when declaratory relief is sought which involves the validity or construction of a statute and affects the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought." Id. at 61, 73 O.O.2d 283, 337 N.E.2d 773. In that case, the director of the EPA had the exclusive duty to investigate and enforce compliance with statutory water quality standards and, therefore, failure to join the EPA, a necessary party, deprived the trial court of jurisdiction.
 {¶ 14} Based upon the above, Appellant's failure to join the Director of the EPA deprived the court of jurisdiction.
 {¶ 15} Neither does Appellant affirmatively demonstrate in the record the Director, as opposed to the STW District, will or intends to enforce the rules as adopted. Therefore, Appellant has not demonstrated an actual controversy exists between the parties. Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship, Lingo v. Ohio CentralRailroad, Inc., Franklin App. No. 05AP2006, 2006-Ohio-2268, at paragraph 20, citations deleted. Ohio courts have long recognized a court should not entertain jurisdiction over cases without actual controversies,Tschantz v. Ferguson (1991), 57 Ohio St.3d 131. NSWMA merely speculates as to the damages members may incur should the Director exercise his power of enforcement. Therefore, any opinion issued by this Court would be advisory in nature. *Page 6 
 {¶ 16} Based on the above, the judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings according to law.
 Hoffman, P.J. and Delaney, J. concur, Edwards, J. concurs separately *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and the matter remanded to that court for further proceedings according to law. Costs assessed to Appellant. *Page 7