COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| VILLAGE OF GALENA | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CAE-07-0068 |
| DELAWARE COUNTY REGIONAL | : |  |
| PLANNING COMMISSION, ET AL | : |  |
| JIMBA, LTD | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Delaware County
                              Court of Common Pleas, Case No.
                              10CVH050775

JUDGMENT:                     Reversed and Remanded

DATE OF JUDGMENT ENTRY:       January 17, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN R. CORNLEY                           DENNIS L. PERGRAM
21 Middle Street                          MANOS, MARTIN, PERGRAM & DIETZ CO.
Box 248                                   50 N. Sandusky Street
Galena, OH 43021-0248                     Delaware, Oh  43015

KENNETH J. MOLNAR
21 Middle Street
Box 248
Galena, OH 43021-0248

*Gwin, P.J.*

{1} Defendant-appellant JIMBA, LTD appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which overruled its motion for attorney fees from plaintiff-appellee the Village of Galena, without conducting a hearing. Appellant assigns a single error to the trial court:

{2} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT GRANTING APPELLANT'S REQUEST FOR A HEARING ON ITS R.C. 2323.51 MOTION FOR ATTORNEYS' FEES AND ABUSED ITS DISCRETION WHEN IT ARBITRARILY DENIED APPELLANT'S MOTION FOR ATTORNEYS' FEES."

{3} The record indicates the Village filed suit on May 17, 2009. It alleged JIMBA owns approximately 37.706 acres of real property which it plans to develop or is currently developing as a six lot subdivision project known as the Sage Creek Section 5. JIMBA submitted plans to defendant The Delaware County Regional Planning Commission to permit it to install and construct on-site household sewage treatment systems for each of the six lots. The Village's complaint alleged Sage Creek Section 5 contains soil unsuitable for septic tanks. The Village asked for a declaration that its public sewer system was available and accessible to Sage Creek Section 5, and asked the court to find JIMBA must connect its property to the public sewer system rather than to household sewage disposal systems.

{4} JIMBA filed an answer denying that the Village had any authority to require it to connect to its sewer system because JIMBA's property is outside the Village's territorial limits. JIMBA alleged the Board of Health had authority to approve JIMBA's plans, and had done so. Defendant the Board of Health of the Delaware

General Health District filed an answer in which it asserted central sewer is not accessible to the property in question.

**{5}** The Board's answer alleged it had completely and adequately studied examined, and/or investigated whether the Village's sewer service is accessible to the property, and determined it was not accessible, practical, or advisable pursuant to the Board's Sewage Treatment System Rules and Ohio Administrative Code section 3701-29-03(B). The Board's answer also stated that JIMBA's property is outside the Village's territorial boundaries, and as such it did not have jurisdiction over the property. The Board's answer alleged the nearest sewer line which is connected to the Village's central sewer system is over 4,000 feet away from JIMBA's property. Thereafter, the Village dismissed defendant Delaware County Regional Planning Commission from the action, and it is not a party to this appeal.

**{6}** On November 12, 2010, the Village dismissed its complaint. JIMBA filed a motion for attorney fees pursuant to R.C. 2323.51 on December 13, 2010. The Village filed its memorandum contra on January 4, 2011, and JIMBA replied on January 14, 2011. On June 27, 2011, the court entered a judgment denying the motion for fees. This appeal ensued.

**{7}** R.C. 2323.51 provides:

**{8}** (B) "(2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:

**{9}** "(a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to

determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

**{10}** "(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;

**{11}** "(c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. ***"

**{12}** The statute appears to make a hearing on a motion for attorney fees mandatory, but courts of appeals have found if the record in the case demonstrates there was no frivolous behavior, then a trial court need not conduct the hearing. *Avon Poured Wall, Inc. v. Boarman,* Lorain App. No. 04CA008448, 2004-Ohio-4588. In *Village of Galena v. Delaware County Regional Planning Commission,* Delaware App. No. 10CAE090076, 2011-Ohio-2982, this court found while the trial court is required to hold a hearing only if it awards attorney fees, and a hearing is not required if the court denies the motion. *Galena* at paragraph 37, citing *First Place Bank v. Stamper*, Cuyahoga App. No. 80259, 2002-Ohio-3100.

**{13}** Civ. R. 16 governs the adoption of local rules concerning pre-trial procedures and provides the court may adopt rules concerning pre-trial procedures in order to encourage settlements.

**{14}** On September 21, 2010, the court entered a case management order which provided in pertinent part:

**{15}** "(6). No dispositive motion shall be filed after February 14, 2011. The proponent shall file any supporting evidentiary materials with the motion.

**{16}** "(a). The adverse party may file any response to a dispositive motion together with any responsive evidentiary materials within 30 days after the motion is filed, and the proponent may file a reply within ten days after the adverse party files any response.

**{17}** "(b). A motion will be submitted for a non-oral hearing on the earliest of the following dates:

**{18}** "(a). When the adverse parties responsive brief is due if the adverse party fails to file a response then; or

**{19}** "(a)(sic)When any proponent's reply brief is due, whether or not the proponent files a reply brief. No party may file any supporting or responsive evidentiary materials after the date of the non-oral hearing.

**{20}** *** "

**{21}** In the *Galena* case cited supra, this court noted the trial court had scheduled the motion for attorney fees for November 30, 2009, then re-scheduled it for March 5, 2010, and a third time re-scheduled it for August 31, 2010. The August 31, 2010 hearing never took place because the parties presented the court with a "stipulation of facts" and submitted the motion for attorney fees on the stipulation and their briefs. None of this occurred in the case at bar.

**{22}** In overruling the motion for sanctions without a hearing, the court stated JIMBA had not attached any evidentiary materials or stipulations to its motion. We find a motion for sanctions after the case has been dismissed is not a pre-trial motion and not subject to the pretrial orders.

**{23}** We find the trial court erred in overruling the motion for attorney fees without conducting a hearing. JIMBA was not required to submit all its evidentiary material and/or stipulations along with their motions. JIMBA's memorandum in support of its motion was approximately twelve pages in length, and requested the court set a date for a hearing. The motion alleged frivolous conduct by presenting claims not warranted under existing law and not supported by any argument to extend, modify or reverse existing law or to establish new law. It also stated the Village had engaged in frivolous conduct by presenting allegations that had no evidentiary support.

**{24}** We find JIMBA's motion and memorandum in support set out sufficient allegations to raise the issue of frivolous conduct and to require the court to conduct a hearing on the matter.

**{25}** The assignment of error is sustained.

{26}   For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J., and

Wise, J., concurs

Delaney, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

WSG:clw1122                          _____
                                     HON. PATRICIA A. DELANEY

*Delaney, J., dissenting*

**{¶27}** I respectfully dissent from the majority's analysis and disposition of Appellant's assignment error. For the following reasons, I would affirm the judgment of the trial court.

**{¶28}** It has been uniformly held that a hearing on a motion for sanctions under R.C. 2323.51(B)(2) is only required when the trial court grants the motion. See, *Shields v. City of Englewood*, 172 Ohio App.3d 620, 2007-Ohio-3165 (2nd Dist.)(citing to this Court's decision in *McKinney v. Aultman Hosp.* (Apr. 27, 1992), Stark App. No. CA 8603); *McPhillips v. United States Tennis Assoc. Midwest,* 11th Dist. No. 2006-L-235, 2007-Ohio-3595; *Avon Poured Wall, Inc. v. Boarman,* 9th Dist. No. 04CA008448, 2004-Ohio-4588; *Coretext Ltd. v. Pride Media Ltd.,* 10th Dist. No. 02AP-1284, 2003-Ohio-5760. A trial court must schedule a hearing only on those motions which demonstrate arguable merit and where a trial court determines there is no basis for the imposition of sanctions; it may deny the motion without hearing. Id. at ¶12. Such a determination is subject to the sound discretion of the trial court. Id. at ¶15.

**{¶29}** In this case, the trial court found that "the movant [Appellant] relies solely on argument in its Memorandum in Support of its motion. Those arguments do not sufficiently justify an award of attorney fees, or even a hearing on disputed matters which could determine the merits of the village's claims." Judgment Entry, June 27, 2011.

**{¶30}** Accordingly, the issue this Court must address is whether the trial court abused its discretion in determining that there was no arguable merit for the imposition of sanctions.

**{¶31}** The underlying litigation involves the interplay between local, county and state agencies as to wastewater collection and treatment. As gleaned from the pleadings, Appellant desires to install septic tanks on developed lots rather than connecting to a centralized sewer treatment service. Sewer services apparently were not available from the Delaware County Sewer District, so the Village sought to have the development connect to its public sewer system to further protect the Big Walnut Creek subwatershed where Appellant's development is planned.

**{¶32}** In the motion for sanctions, Appellant sets forth two arguments. First, Appellant argues that the Village lacked the authority to compel connection to its system because two local entities, the Delaware County Regional Planning Commission and the Delaware County General Health District, approved its preliminary plat with the septic tank plan.

**{¶33}** The only legal authority cited by Appellant to support its argument is a 27 year old case from the Ohio Supreme Court, *Demoise v. Dowell* (1984), 10 Ohio St.3d 92, 461N.E.2d 1286, which upheld the General Assembly's grant of authority to Department of Health and local boards of health to force citizens to connect to sanitary sewer where accessible and to abandon inherently more dangerous septic systems. There is absolutely no mention in this case as to the factual and/or legal issues at hand, i.e., whether the Village's sanitary sewer system is accessible to the property in question, whether the Village has the legal authority to require such a connection and if so, has the Village's authority been preempted by the State to any extent.

**{¶34}** The second argument presented by Appellant raises the issue of the Village's failure to join other public bodies in the litigation that may have an interest in

any declaratory relief requested by the Village, specifically the Ohio Environmental Protection Agency, the Delaware County Health District, Delaware County and the Delaware County Regional Sewer District.

{¶35} R.C. 2721.12(A) provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding".

{¶36} In *City of Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 337 N.E.2d 773, the Ohio Supreme Court found "when declaratory relief is sought which involves the validity or construction of a statute and affects the powers and duties of public officers, such officers should be made parties to the action or proceeding in which the relief is sought." Id. at 61.

{¶37} Appellant generally contends that the Village was seeking to "divert authority" away from these agencies. Appellant argues the Village and its legal counsel knowingly failed to join these public bodies and therefore, failed to invoke the jurisdiction of the trial court. Again, Appellant cites no relevent case authority to support its argument nor did Appellant's raise this alleged jurisdictional defect via a motion to dismiss the Village's complaint. It is also important to note that the Delaware County Regional Planning Commission and the Delaware County General Health District, who reviewed Appellant's septic tank plan, were named as defendants in this matter.

{¶38} On its face, Appellant has not demonstrated arguable merit to its contention that any of the other suggested parties had a legal interest which would be affected by the litigation between the Village and the Appellant.

{¶39} Accordingly, I would find the trial court did not abuse its discretion in declining to conduct a hearing on the motion for sanctions that it had determined to be without merit.


_____
JUDGE PATRICIA A. DELANEY

[Cite as *Galena v. Delaware Cty. Regional Planning Comm.*, 2012-Ohio-182.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| VILLAGE OF GALENA | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DELAWARE COUNTY REGIONAL | : | |
| PLANNING COMMISSION, ET AL | : | |
| JIMBA, LTD | | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CAE-07-0068 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.   Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY